# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD CHILDS | : | |
| Petitioner | : | |
| v | : | Civil Action No. AW-05-2742 |
| WILLIAM L. WILLIAMS and JOSEPH J. CURRAN | : | |
| | : | |
| Respondents | | |

o0o
## **MEMORANDUM**

The above-captioned case was opened upon receipt of correspondence from Petitioner regarding re-opening a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Paper No. 1; *see also Childs v. Smith, et al.*, Civil Action No. AW-97-3412 (D. Md. 1997). Petitioner asserts that new evidence has come to light establishing that his previous claim of ineffective assistance of counsel was meritorious. Paper No. 1 at p. 1. The filing has been construed as a petition for writ of habeas corpus which is successive.

Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996), *cert. dismissed*, 518 U.S. 651 (1996). The pending application is a successive one. Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

authorizing this court to consider Petitioner's application for habeas corpus relief. § 2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).  Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the "motion" are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed without prejudice.  A separate Order follows.

October 18, 2005                                          "/s/"
Date                                                       Alexander Williams, Jr.
                                                           United States District Judge

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.